UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>VALENZUELA,<br><br>    Defendant. | Case No. 18-cv-01528-JSW<br><br>**ORDER DENYING LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 50, 51, 52 |

Plaintiff is an inmate at San Quentin State Prison ("SQSP"). Proceeding pro se, he filed this civil rights case under 42 U.S.C. § 1983. Defendants' summary judgment motion was granted in part. Specifically, all of the claims save one were found to be unexhausted. The only exhausted claim was against Valenzuela for preventing him from attending religious services on one occasion. Valenzuela was ordered to file, and has filed, a motion for summary judgment on the merits of this claim.

Plaintiff moved for leave to file a second amended complaint and has submitted a proposed second amended complaint. Defendant was ordered to show cause why it should not be allowed and has shown that allowing it to be filed would be futile. The second amended complaint adds claims against a supervisor, the SQSP Warden Davis, but does not allege Davis's personal involvement in or otherwise caused the alleged deprivation, as is required for supervisorial liability. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Davis's failure to grant his administrative grievance does not state a cognizable claim for relief. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff also offers no reason for failing to bring this claim earlier.

Plaintiff's proposed second amended complaint also seeks to renew claims against defendant Thompson that were already found to be unexhausted. Plaintiff states that he inadvertently misnamed Thompson in one of his grievances.[1] The failure to name Thompson properly in the grievance runs afoul of the prison regulations governing exhaustion, Cal. Code Regs., tit. 15, § 3084.2(a) and (a)(3), which regulations control whether or not the claim was "properly" exhausted within the meaning of the PLRA, *see Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Plaintiff cites no authority that non-exhaustion is excused where an inmate names the wrong Defendant in a grievance, even when he does so inadvertently.

Because the second amended complaint adds claims that are not viable, allowing plaintiff to file it would be futile. Accordingly, leave to file the second amended complaint is DENIED.

Plaintiff's motion for an extension of time in which to file an opposition to Valenzuela's motion for summary judgment, to and including September 19, 2019, is GRANTED. Valenzuela **shall** file a reply brief within 14 days of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: August 26, 2019

JEFFREY S. WHITE
United States District Judge

---

[1] This grievance in any event only raises one of the instances in which Thompson allegedly violated Plaintiff's rights.

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>VALENZUELA,<br><br>    Defendant. | Case No. 18-cv-01528-JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 26, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Brooks ID: E90514
San Quentin State Prison
San Quentin, CA 94974


Dated: August 26, 2019

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Kelly Collins, Deputy Clerk to the
                                        Honorable JEFFREY S. WHITE